## Frederick *v.* Lansdale Borough, Appellant.

*Trespass—Boroughs—Overflowing lands—Opening street.*

In an action of trespass against a borough to recover damages for injuries to land caused by flooding, where there is evidence, though contradicted, that the borough, in opening a street, increased the natural flowage and flooded the land, the case should be submitted to the jury.

*Evidence—Borough—Flooding land.*

In an action against a borough for backing water into an alley and flooding a cellar, it is proper to permit defendant to show that the acreage drained was lessened by the grading of the streets of the borough, and that the flow of water over the alley was less than the original natural flow.

In such action it is proper to permit plaintiff to show that the owner of neighboring property had constructed an artificial ditch for the overflow of water from clay pits, and that this ditch drained upon a street which carried the water to the alley.

Argued Jan. 31, 1893.   Appeal, No. 169, July T., 1892, by defendant, from judgment of C. P. Montgomery Co., Dec. T., 1891, No. 41, on verdict for plaintiff, Benjamin S. Frederick. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Trespass for flooding land.   Before WEAND, J.

The pleadings were not printed in the paper-books, and it did not appear what was the exact cause of action.   From plaintiff's evidence, the claim for damages was apparently based upon injuries caused by an alleged undue flowage of water upon Hudson alley, opening off from Broad street in the borough of Lansdale.

Plaintiff offered to show that the owner of the property upon which certain clay pits are situated, or some other person, had erected a bank to prevent the natural overflow of the clay pits toward the east, and that the water was conducted from those clay pits by an artificial ditch and drained upon Broad street and conducted along the gutters of Broad street and thrown upon Hudson alley.   Objected to.   Objection overruled. [1]

The court refused to permit defendant to show: That there was no other stream or no other manner in which to take the water out of the basin in which this Hudson alley lay. [2] That there was less water came from the direction of Ridge avenue than originally came from the same place. [3]   That the acreage drained was lessened by the grading of the streets of the borough. [4]   The court refused to permit defendant to ask a witness whether the territorial drainage flowing into this ditch was greater or less at the time of suit brought than before the laying out of the streets and grading of the same. [5]

The court gave binding instructions for plaintiff for six cents damages and six cents costs.

Verdict and judgment accordingly.   Defendant appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting offers, but not bills of exceptions; (6) in holding defendant liable; (7) in instructing for plaintiff; (8) in not instructing for defendant.

*Ellwood L. Hallman,* of *Hallman & Place,* for appellant,

cited : Carr v. Northern Liberties, 35 Pa. 327 ; Mann v. Mayor, etc., of Pittsburgh, 40 Pa. 364 ; Bethlehem Borough v. Haus, 26 W. N. 348 ; Pittsburgh etc. R. R. v. Gilleland, 56 Pa. 445 ; Allentown v. Kramer, 73 Pa. 406 ; Hoff v. Phila., 93 Pa. 272 ; Fair v. Phila., 88 Pa. 311.

*Louis M. Childs, Montgomery Evans* with him, for appellee, cited : Washburn on Easements, 3d ed., 450 ; Rhoades v. Davidheiser, 133 Pa. 226 ; Torrey v. Scranton, 133 Pa. 173 ; Elliott v. Oil City, 129 Pa. 570 ; Huddleson v. Borough, 111 Pa. 110 ; Kauffman v. Griesemer, 26 Pa. 407 ; Martin v. Riddle, 26 Pa. 415 ; Miller v. Laubach, 47 Pa. 154 ; Hays v. Hinkleman, 68 Pa. 324.

OPINION BY Mr. JUSTICE GREEN, October 2, 1893 :

The questions at issue in this case were questions of fact. The action is trespass. The narr is not printed, and both the history of the case and the counter statement omit to state what was the cause of action claimed. But, as we gather from the statements of the parties, and from the testimony, the claim was to recover damages for causing the flow of more water than was, by nature, accustomed to flow, through a gully or ditch passing the rear of the plaintiff's land. Apparently the plaintiff's allegations were that the defendant borough changed somewhat the manner in which the surface water was formerly discharged through the ditch in question, and thereby increased the quantity of the natural flowage and, by that means, caused the cellar of the plaintiff's house and his land, at times, to be overflowed with water. The testimony took a very wide range and embraced questions of fact as to whether the borough, in laying out and opening its streets, and providing for their drainage, caused more water to flow through the ditch than was accustomed to flow there before the streets were opened. Incidentally it was alleged by the plaintiff, and denied by the defendant, that a greater territorial area was drained than formerly and that a greater flow was thus induced. The defendant alleged, and gave evidence to prove, that the drainage was less in extent, and less in the volume of the water discharged through the ditch, after the streets were opened than before. The defendant also alleged, and gave evidence to

prove, that the changes in the size and course of the ditch were produced by the acts of the plaintiff and other lot owners, in digging out foundations, in filling up low places and in other modes, and claimed that the borough was not responsible for the effect of such changes on the flow of the water. The effect of opening a certain brick yard and digging pits in it, in the vicinity, upon the flow of the water was also a subject of much contention and of quite considerable testimony of a conflicting character.

For some reason which is not explained, and which we are unable to understand, as there was no opinion or charge, the learned court below withdrew the case from the jury and gave a binding instruction to them to find a verdict for the plaintiff for six cents damages and six cents costs. No explanation has been furnished us by the court below, or by the counsel for the appellee, to show why this quite unusual course was adopted, and after the expenditure of much time and effort in an endeavor to understand it we are obliged to abandon the attempt. The questions were purely of fact. A great amount of testimony was given, very much of which was of a seriously conflicting character, and nothing but the verdict of a jury, after a consideration of all the testimony, could reach their solution. We cannot at all understand how the court could undertake to dispose of such a case, and in such a condition of the testimony. We are constrained to hold that the binding instruction was erroneous, and that the case should have been given to the jury with proper explanations and directions as to the questions before them, and the treatment of the conflicting testimony. We must therefore sustain the sixth and seventh assignments of error. The eighth assignment is not sustained, because it complains only of a refusal of the court to give a binding instruction in favor of the defendant. The court was not asked to do so by any point submitted, and it would have been error to affirm such a point if it had been presented.

The remaining assignments, except the first, are to the rejection of certain offers of proof by the defendant. These offers seem to us to be admissible, as they relate to various aspects of the several contentions of the parties. While it seems likely that some of the testimony offered and rejected did get into the case, we can only pass upon the offers as they were made.

and, doing so, we sustain the second, third, fourth, and fifth assignments. The first is not sustained, as the subject of the offer which was made and admitted is sufficiently connected with the controversy, and therefore proper for the consideration of the jury.

Judgment reversed and new venire awarded.